UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WALTER ROY ASWELL, III | * | CIVIL ACTION NO. |
| | * | |
| PLAINTIFF | * | |
| VERSUS | * | |
| | * | SECTION "   " MAG. |
| JOE CULPEPPER, ROBERT J. CROWE, | * | |
| JOHN DOE, LT. PATRICK LYONS, | * | |
| PFC. CHAD CASSARD, PFC LAVON | * | |
| SCOTT SEALS, AND DEPUTY MARSHALL | * | |
| JOHN SUMMERALL, IN THEIR OFFICIAL | * | |
| AND INDIVIDUAL CAPACITIES, | * | |
| AND INTERLOCAL RISK MANAGEMENT | * | |
| AGENCY, | * | |
| DEFENDANTS | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

COMPLAINT

NATURE OF THE ACTION

This action arises under the United States Constitution.  Specifically, the action arises under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment, and is brought pursuant to 42 U.S.C. §1983 et seq. and 1988, which establish a federal court remedy for constitutional violations.  The action also arises under the Louisiana State Constitution, specifically Articles I §2 and §5.  The action is also brought under the general tort principles set forth in the Louisiana Civil Code,

1

including, without limitation, Articles 2315 and 2320 and common law tort principles adopted by Louisiana courts.

## STATEMENT OF JURISDICTION

**1.**

Jurisdiction is conferred upon this court by the provisions of 28 U.S.C. 1343(3), the jurisdictional counterpart of 42 U.S.C. 1983, and 28 U.S.C. 1331. Supplemental jurisdiction is conferred upon this court over the state law claims pursuant to 28 U.S.C. 1367(a).

## PARTIES

**2.**

Plaintiff:

**WALTER ROY ASWELL, III**, a person of the age of majority and a citizen of the State of Louisiana, respectfully represents:

Defendants:

The defendants enumerated below are justly, jointly and in solido liable unto Plaintiff for damages as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, all costs of these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief to which Plaintiff is entitled a law or in equity:

a. Washington Parish Sheriff **ROBERT J. CROWE ("Crowe")**, a citizen and resident of the Parish of Washington, State of Louisiana and/or in is official capacity as a acting Sheriff for the Washington Parish Sheriff, State of Louisiana, and/or for the Louisiana Sheriff's Association;

b. **JOHN DOE ("Doe")**, a person of the age of majority and a citizen of the State of Louisiana, an unknown officer commissioned with the Washington Parish Sheriff's Office;

c. Bogalusa Chief of Police **JOE CULPEPPER ("Culpepper")** a citizen and resident of the Parish of Washington, State of Louisiana and/or in is official capacity as a acting Chief of Police for the Bogalusa Police Department;

d. **LT. PATRICK LYONS**, **("Lyons")** citizen and resident of the Parish of Washington, State of Louisiana, individually and/or in his official capacity as deputy for Bogalusa Police Department, State of Louisiana.

e. **PFC CHAD CASSARD**, **("Cassard")** a citizen and resident of the Parish of Washington, State of Louisiana, individually and/or in his official capacity as deputy for Bogalusa Police Department, State of Louisiana.

f. **PFC LAVON SCOTT SEALS, ("Seals")** a citizen and resident of the Parish of Washington, State of Louisiana, individually and/or in his

    official capacity as deputy for Bogalusa Police Department, State of Louisiana.

g.    **DEPUTY MARSHAL JOHN SUMMERALL, ("Summerall")** a citizen and resident of the Parish of Washington, State of Louisiana, individually and/or in his official capacity as acting marshal for the city of Bogalusa, State of Louisiana.

h.    **INTERLOCAL RISK MANAGEMENT AGENCY**, ("**IRMA**") is an association of Louisiana Sheriffs formed by written agreement and pursuant to the provisions of La.R.S. 33:1481 et seq. for the development and administration of an interlocal risk management program and a group self-insurance fund. The Washington Parish Sheriff's Office is believed to be a member of such an association.

The amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332. Actions more particularly presented below arise under 42 U.S.C. 1983.

**3.**

Defendants **Doe, Lyons, Cassard Seals and Summerall** are sued in their official and individual capacities and are sometimes referred to collectively as **"DEFENDANT INDIVIDUALS"** hereinafter.

**4.**

At all times relevant herein, **Defendant Individuals** acted under the color of the laws statues ordinances regulations, policies, customs and usages of the State of Louisiana.

**5.**

On or about April 20, 2011, Plaintiff **Aswell** was being pursued by Bogalusa Police Department under the supervision of **Culpepper** and Washington Parish Sheriff's Office under the supervision of **Crowe** for suspicion of a crime. The pursuit began in the Parish of Washington, City of Bogalusa, State of Louisiana and ended in the County of Pearl River, City of Polarville, State of Mississippi.

**6.**

After stopping his vehicle in Poplarville, **Aswell** exited his vehicle, unarmed and was chased and fired upon by **Defendant Individuals**. **Aswell** was shot twice and fell to the ground, still unarmed.

**7.**

Shortly thereafter, **Defendant Individuals** proceeded to violently beat **Aswell** and forced him to his stomach, cuffing his hands behind his back. **Defendant Individuals** then proceeded to violently beat **Aswell** by kicking him and hitting him in his head with closed fists, feet and service weapons.

8.

As a result of the shooting and the beatings, **Aswell** suffered near fatal injuries that are permanent in nature. **Aswell** has undergone multiple surgeries and will continue to be disabled for life.

## STATEMENT OF CLAIMS

9.

Defendants are jointly and solidarily liable to plaintiffs for each of the following reasons:

**CLAIMS AGAINST DEFENDANT INDIVIDUALS:**

### COUNT I
Eighth Amendment Violation: Excessive Force

10.

Plaintiffs incorporate each of the foregoing allegations by reference as though fully set forth herein.

11.

As a direct and proximate result of the unlawful, excessive, unwarranted, unprovoked and malicious physical abuse of **Defendant Individuals**, which was committed under color of law while using the badge of their authority as Washington Parish Sheriff's Deputy and/or Deputies of the Bogalusa Police Department, **Aswell** suffered grievous bodily harm and was deprived of his clearly established

constitutional right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

**12.**

Defendants, **Crowe** and **Culpepper** had an affirmative duty to enforce the law, and were obliged to prevent **Defendant Individuals** from violating **Aswell's** constitutional rights.

**13.**

Defendants, **Crowe** and **Culpepper,** could not have reasonably believed that acts of physical abuse were consistent with plaintiff's clearly established constitutional rights, because, *inter alia*: (1) **Aswell** was unarmed and hand-cuffed at the time of the assault and therefore posed no immediate threat of bodily harm or injury to **Defendant Individuals** or any other person, nor was he resisting confinement or attempting to commit a crime; (2) **Defendant Individuals** used the badge of legal authority to harass, intimidate, brutalize and inflict pain upon **Aswell** and not for any justifiable reason; (3) No reasonable law enforcement officer could have believed that the use of any force was necessary under the benign, non-threatening circumstances facing defendants, and certainly no reasonable officer could have reasonably believed that the high degree of force actually used by **Defendant Individuals**, i.e., shooting an unarmed man and punching and kicking him in the face and head with enough force to cause numerous blood clots on his brain, was justifiable. Moreover **Defendant Individuals** perpetrated

the act of violence for the purpose of inflicting pain and punishment to an unarmed man and not threatening young person by taking the law into their own hands.

14.

**Defendant Individual's** conduct constitutes an abhorrent abuse of power which shocks the conscience, violates decencies of civilized conduct, and interferes with rights implicit in the concept of an ordered society. Moreover, **Defendant Individuals** knew or should have known that their conduct violated the constitutional rights of **Aswell** under both the U.S. and Louisiana State constitutions.

### COUNT II
Negligence

15.

In the alternative, upon information and belief, if **Defendant Individuals**, were negligent in committing aggravated assault and nearly killing an unarmed, unrestrained **Aswell**.

### COUNT III
Intentional Infliction of Emotional Distress

16.

**Defendant Individuals**, conduct as set forth above was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized society.

17.

Plaintiffs suffered severe emotional distress as a result of **Defendant Individuals'** extreme and outrageous conduct, and defendants desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct.

**CLAIMS AGAINST DEFENDANT CULPEPPER:**

## COUNT I
Constitutional Violations
**18.**

**Culpepper,** in his individual capacity, is liable as a supervisory official under 42 U.S.C. §1983, as well as under the Louisiana Constitution, for the following non-exclusive acts:

1. His improper and inadequate training of his subordinate deputies;

2. His inadequate supervision of his subordinated deputies;

3. His acquiescence or deliberate indifference to a policy or custom which deprives inmates of their constitutional rights;

4. Allowing its deputies to commit act of excessive force;

5. By failing to establish, maintain, or enforce a disciplinary regime sufficient to deter the above referenced acts by rogue officers bent on abusing their authority and the constitutional rights of citizens; and

6. All other acts that will be shown at trial.

## COUNT II
Vicarious Liability for Torts of Deputies:
**19.**

**Culpepper** is directly in charged with the supervision of his deputies under Louisiana Code of Civil Procedure Article 331, which provides as follows:

> Except as otherwise provided by law, a deputy sheriff possesses all of the powers and authority granted by law to the sheriff, and may perform any of the duties and exercise any of the functions of the sheriff.
>
> Deputy sheriffs and other employees of the sheriff are subject to his direction and supervision, and shall perform the duties assigned to them by law, and by the sheriff.
>
> The sheriff is responsible for the performance or non-performance of their Official duties by his deputies and other employees.

**20.**

**Culpepper** hires and fires deputies, exercises a direct and indirect supervision and control over them, fixes their time and place of work, and generally allocates their responsibility and assigns their duties. Upon information and belief, **Culpepper** disburses the allocated funds and pays most of the salaries of the deputies with these funds. Accordingly, **Culpepper** is the employer of the deputies.

**21.**

**Culpepper** is vicariously liable for the acts and omissions of **Lyons, Cassard Seals and Summerall**, pursuant to Louisiana Civil Code Article 2320. The acts and omissions of the deputies were committed as they were acting as law enforcement officers. Their unconstitutional actions were risks incidental to the performance of their duties as law enforcement officers.

**CLAIMS AGAINST DEFENDANT CROWE:**

### COUNT I

Constitutional Violations

**22.**

**Crowe,** in his individual capacity, is liable as a supervisory official under 42 U.S.C. §1983, as well as under the Louisiana Constitution, for the following non-exclusive acts:

1. His improper and inadequate training of his subordinate deputies;
2. His inadequate supervision of his subordinated deputies;
3. His acquiescence or deliberate indifference to a policy or custom which deprives inmates of their constitutional rights;
4. Allowing its deputies to commit act of excessive force;
5. By failing to establish, maintain, or enforce a disciplinary regime sufficient to deter the above referenced acts by rogue officers bent on abusing their authority and the constitutional rights of citizens; and
6. All other acts that will be shown at trial.

## COUNT II
Vicarious Liability for Torts of Deputies:

### 23.

**Crowe** is directly in charged with the supervision of his deputies under Louisiana Code of Civil Procedure Article 331, which provides as follows:

> Except as otherwise provided by law, a deputy sheriff possesses all of the powers and authority granted by law to the sheriff, and may perform any of the duties and exercise any of the functions of the sheriff.
>
> Deputy sheriffs and other employees of the sheriff are subject to his direction and supervision, and shall perform the duties assigned to them by law, and by the sheriff.
>
> The sheriff is responsible for the performance or non-performance of their Official duties by his deputies and other employees.

### 24.

**Crowe** hires and fires deputies, exercises a direct and indirect supervision and control over them, fixes their time and place of work, and generally allocates their responsibility and assigns their duties. Upon information and belief, **Crowe** disburses the allocated funds and pays most of the salaries of the deputies with these funds. Accordingly, **Crowe** is the employer of the deputies.

**25.**

**Crowe** is vicariously liable for the acts and omissions of **Doe**, pursuant to Louisiana Civil Code Article 2320. The acts and omissions of the deputies were committed as they were acting as law enforcement officers. Their unconstitutional actions were risks incidental to the performance of their duties as law enforcement officers.

## COUNT III
Negligent Supervision:

**26.**

**Culpepper** had a duty under state law to supervise his deputies in all aspects of their performance, including the manner in which they observed, or failed to observe, constitutional standard in carrying out their duties. **Culpepper 's** breach of such duties resulted in the above-referenced physical and emotional injuries to **Aswell.**

**27.**

**Crowe** had a duty under state law to supervise his deputies in all aspects of their performance, including the manner in which they observed, or failed to observe, constitutional standard in carrying out their duties. **Crowe's** breach of such duties resulted in the above-referenced physical and emotional injuries to **Aswell.**

**CLAIMS AGAINST DEFENDANT IRMA:**

**28.**

Upon information and belief, at all times herein mentioned, **Crowe** was a member of an **IRMA**, which maintained a self-insurance fund, out of which the **IRMA** promised to pay any and all sums which **Culpepper** and **Crowe** might become legally obligated to pay as damages including punitive and exemplary damages, for liability imposed for acts such as those related herein.

**29.**

Accordingly, **IRMA** is liable for all sums, including punitive and exemplary damages, which defendant may become legally obligated to pay plaintiff for the foregoing acts and omissions.

**DEMAND FOR TRIAL BY JURY:**

Plaintiff hereby demands a trial by jury.

**DEMAND FOR PUNITIVE DAMAGE**

Plaintiff is entitled to an award of punitive damages against the each of the defendants sued in their individual capacities and against **IRMA**, for their knowing, intentional, malicious acts and omissions, or in the alternative, for their reckless disregard of, and indifference to, the rights of Plaintiff.  **IRMA** specifically provides coverage for such damages, which may be awarded against the insured, **Culpepper and Crowe.**

**DEMAND FOR ATTORNEY'S FEES AND COSTS:**

Plaintiffs are entitled to an award of all costs, including reasonable attorney's fees pursuant to 42 U.S.C. 1983.

**DEMAND FOR JUDGMENT**

**WHEREFORE**, plaintiff, **WALTER ROY ASWELL, III,** pray for

1. An award of compensatory damages against each defendant, jointly and solitarily, for plaintiffs' personal injury, pain and suffering, emotional distress, loss of enjoyment of life.

2. An award of punitive damages against each of the defendants sued in their individual capacities and **IRMA.**

3. An award of all costs of this action, against each defendant jointly and solitarily, including reasonable attorney's fees.

4. For all other equitable and general relief.

    Respectfully Submitted:

    "S" Timothy F. Upton

    _____
    THE UPTON LAW FIRM, L.L.C.
    816 North Columbia Street
    Covington, Louisiana, 70433
    Telephone: (985) 624-7777
    Facsimile: (985) 624-7788
    ATTORNEY FOR
    **WALTER ROY ASWELL, III**