UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALTER ROY ASWELL, III                    CIVIL ACTION NO. 12-cv-997

VERSUS                                    SECTION "C"

JOE CULPEPPER, ET AL                      HON. HELEN BERRIGAN

### Order and Reasons

Before the Court is defendants' Motion to Strike Exhibit. Rec. Doc. 42. Plaintiff opposes the motion. Rec. Doc. 47. The motion is before the Court on the briefs and without oral argument. For the reasons discussed herein, the Court DENIES the motion.

This case arises out of the arrest of plaintiff, Walter Roy Aswell, III, after he committed an armed robbery of a bank with an accomplice. Plaintiff claims that defendants used excessive force when apprehending him and has filed this action under 42 U.S.C. §1983 for damages. On February 24, 2014, defendants moved for summary judgment. Rec. Doc. 34. Plaintiff opposed the motion, filing a brief in opposition on March 17, 2015. Rec. Doc. 38. As an attachment to his brief, plaintiff included a declaration from Anton Atkins, a former patrolman employed by the Bogalusa Police Department from 2004 to 2012 ("Atkins declaration"). Rec. Doc. 38-5. On March 26, 2015, defendants filed the instant Motion to Strike, arguing that the Atkins declaration

should be stricken from the record because plaintiff failed to comply with the requirements of Fed. R. Civ. Pro. 26. Rec. Doc. 42.

Defendants opine that plaintiff never identified Anton Atkins as a possible witness in either its Rule 26 disclosures or in any witness list. Rec. Doc. 42-1 at 1. Thus, they claim they have been "precluded from being able to discover this witness and have been prejudiced by Plaintiff's failure to identify and/or disclose this witness timely." *Id*. at 2. In response, plaintiff argues that the Atkins' declaration should not be stricken because he has not violated Rule 26. In the alternative, plaintiff argues that under the Fifth Circuit's test for late-produced material, the Atkins declaration should be permitted. Rec. Doc. 47.

The Court finds that plaintiff has not materially violated Rule 26.[1] Rule 26(a)(3)(A) provides that a party must provide "the name and, if not previously provided, the address and telephone number of each witness" that it may present at trial "other than solely for impeachment." The rule further provides that "these disclosures must be made at least 30 days before trial." Trial in this matter is scheduled for May 4, 2015. Plaintiff filed his memorandum in opposition on March 30, 2015. Thus, plaintiff has notified defendant of Anton Atkins more than thirty days in advance of trial. Although plaintiff has not provided Atkins' address and telephone number, the Court finds this oversight is not prejudicial to defendants, since they have been put on notice of plaintiff's intention to potentially call Atkins as a witness and have been free to request Atkins' contact information if needed. Furthermore, if defendants find that more time is required to depose Atkins in preparation for trial, they may request a brief continuance from the Court.

---

[1] Under a previous scheduling order, the parties stipulated that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) would not be conducted in this case. Civ. A. 12-991, Rec. Doc. 14, at 2. Though the case has since been deconsolidated and the Court has entered subsequent scheduling orders, the Court has not ordered that Rule 26(a)(1) is again in effect, nor has either party requested a reinstatement of that rule's requirements.

In addition, the Court finds that the scheduling order to which defendants cite has not been violated. The scheduling order provides that "counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial. . . no later than Friday, February 13, 2015." The order further provides that the Court will not permit any witness to testify unless there has been compliance with the order or on motion for good cause shown. Finally, the order states that "this restriction will not apply to rebuttal witnesses." Rec. Doc. 33 at 2, 7. On August 8, 2014, plaintiff and defendants both filed their witness and exhibit lists. Rec. Docs. 28 and 29. In his witness and exhibit list, plaintiff stated that he may call "[a]ny other deputy or civilian employed or formerly employed by the City of Bogalusa Police Department. . . who has not yet been specifically identified who possess information in a manner relevant to the subject matter of this litigation. . ." Rec. Doc. 29 at ¶56. Plaintiff also stated he may call "[a]ny rebuttal witnesses." *Id*. at ¶60. Defendants' witness and exhibit list includes similar language.[2] Rec. Doc. 28 at ¶50, 61. As these filings show, both parties sought to avail themselves of the right to present testimony from witnesses who were not specifically named in the witness and exhibit list, but nevertheless had information pertinent to the events of April 20, 2011, and made this intention clear in the witness and exhibit lists they submitted. Thus, the Court finds that plaintiff operated within the purview of the scheduling order.

Finally, even if plaintiffs had failed to disclose in compliance with Rule 26, the Court finds that the factors announced by the Fifth Circuit in judging whether such failure to disclose is

---

[2] Defendants' witness and exhibit list reserves the ability to call "[a]ny and all members of the Bogalusa Police Department not listed herein who may be listed in any of the police reports, incident reports, supplemental reports, radio logs, transmission logs, etc. created, drafted, and/or written as a result of and in connection with Bogalusa PD Item Number 2011004204 and the incident that forms the basis of this lawsuit including the pursuit, arrest and/or detention of Logan Mills and/or Walter Aswell on April 20, 2011." Defendants also reserve the ability to call "[a]ny and all other witnesses necessary for rebuttal." Rec. Doc. 28 at ¶50, 61.

harmless weigh in plaintiff's favor. The Fifth Circuit has stated that courts must consider 1) the importance of the evidence; 2) the prejudice to the opposing party from including the evidence; 3) the possibility of curing any prejudice by granting a continuance; and 4) the explanation for the party's failure to disclose. *Terrance v. Pointe Coupee Parish Police Jury*, 177 F.App'x 457, 459 (5th Cir. 2006). In this case, the information set forth by the Atkins declaration speaks directly to whether the Bogalusa Police Department offered any training on use of force, and thus goes to the heart of Aswell's Section 1983 claim for municipal liability based on failure to train. Rec. Doc. 38-5. Second, as discussed above, the possibility that Atkins might be called as a witness was made known to defendants more than thirty days in advance of trial. Third, defendants may request a continuance in order to depose or better prepare for this development in the case. Finally, plaintiff did not willfully conceal Atkins as a potential witness. Thus, the Court finds that Atkins' declaration should be allowed.

Accordingly, IT IS ORDERED that the Motion to Strike Exhibit is DENIED.

New Orleans, Louisiana, this 9th day of April, 2015.

Helen G. Berrigan
United States District Judge